UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARINE CARPENTERS PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> VIGOR INDUSTRIAL, LLC, an Oregon limited liability company; VIGOR SHIPYARDS, INC., a Delaware corporation; and VIGOR MARINE, LLC, an Oregon limited liability company, <br><br> Defendants. | Case No. 2:19-cv-01085 <br><br> COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF |

## I. PARTIES

1.1   Plaintiff Marine Carpenters Pension Fund (the "Pension Fund") is a Taft-Hartley trust fund established to provide pensions for the benefit of employees and dependents upon the retirement or death of employees. The Pension Fund maintains its principal office in San Jose, Santa Clara County, California. However, a majority of the Pension Fund's participants, beneficiaries, and retirees reside in the State of Washington.

1.2   Defendant Vigor Industrial, LLC is an Oregon limited liability company with its principal place of business in Portland, Multnomah County, Oregon. Vigor Industrial is qualified to conduct business in the State of Washington by the Washington Secretary of State. Vigor Industrial, LLC was formerly known as Cascade General.

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE
RELIEF, AND FOR DECLARATORY RELIEF – 1
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1.3     Defendant Vigor Shipyards, Inc. is a Delaware corporation with its principal place of business in Seattle, King County, Washington.  Upon information and belief, Vigor Shipyards, Inc. is a wholly-owned subsidiary of Vigor Industrial, LLC.  Vigor Shipyards was formerly known as Todd Shipyards Corporation prior to its purchase by a wholly-owned subsidiary of Vigor Industrial, LLC in 2011.  Vigor Shipyards, Inc. is qualified to conduct business in the State of Washington by the Washington Secretary of State.  Upon information and belief, Vigor Shipyards, Inc. conducts business in the Western District of Washington.

1.4     Defendant Vigor Marine, LLC is an Oregon limited liability company with its principal place of business in Seattle, King County, Washington.  Upon information and belief, Vigor Marine, LLC is a wholly-owned subsidiary of Vigor Industrial, LLC.  Vigor Marine, LLC is qualified to conduct business in the State of Washington by the Washington Secretary of State.  Upon information and belief, Vigor Marine, LLC conducts business in the Western District of Washington.

1.5     Collectively, defendants are referred to as "Vigor" for purposes of this Complaint.

## II.   JURISDICTION AND VENUE

2.1     This Court has jurisdiction pursuant to §§502(e)(1), 502(f), 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §§1132(e)(1), 1132(f), 1451(c).

2.2     Venue in this Court is proper pursuant to ERISA §4301(d), codified at 29 U.S.C. §1451(d).  Venue in this Court is also proper as Defendants' businesses operate in this District.

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 2
2:19-cv-01085
342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

### III. FACTS

3.1     Since at least June 1960, the Marine Carpenters Pension Fund has existed as a Taft-Hartley trust fund, established to provide pensions for the benefit of employees and dependents upon the retirement or death of employees.  The Marine Carpenters Pension Fund was created by employers engaged in shipbuilding and repair, boat building and repair, and allied industries and what are now the Northern California Regional Council of Carpenters, the Southern California Regional Council of Carpenters, and the Pacific Northwest Regional Council of Carpenters, covering the States of California, Oregon, and Washington.

3.2     In 1995, Frank Foti and Andrew Rowe purchased Cascade General from an investment company headed by Tore Steen.  Upon information and belief, after acquiring the Portland Shipyard facility from the Port of Portland in 2001, Cascade General was renamed Vigor Industrial, LLC. Upon information and belief, Vigor Industrial continues to use the Cascade General name as a trade name.

3.3     Todd Shipyards Corp., ("Todd Shipyards") was a shipyard and ship repair company based on Harbor Island in Seattle, Washington that traced its roots to 1882.  It operated a wholly-owned subsidiary named Todd Pacific Shipyards Corporation ("Todd Pacific Shipyards").

3.4     On May 10, 2006, the Board of Trustees approved and adopted *Amendment No. 6* to the Marine Carpenters Pension Fund Trust Agreement, as amended through August 13, 2004.  Amendment No. 6 inserted new language into Article III, Section 4 of the trust agreement, including the following paragraphs:

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 3
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

SECTION 4.  Effective May 10, 2006 no contributions shall be accepted from an individual employer under a Successor Collective Bargaining Agreement, Amendment to a Collection Bargaining Agreement or due to an allocation of contributions by a Union(s) pursuant to any Collective Bargaining Agreement which lowers the employer's preexisting hourly rate(s) of contributions to the Fund per hour worked.

Effective May 10, 2006 no contributions shall be accepted from an individual employer under a Successor Collective Bargaining Agreement, Amendment to a Collective Bargaining Agreement or due to an allocation of contributions by a Union(s) pursuant to any Collective Bargaining Agreement which reduces the preexisting level of participation in the Fund by eliminating contributions for hours worked by a particular class of employees who remain in the employer's employ or reduces the type or number of hours worked for which the employer was previously required to contribute to the fund.

3.5     Everett Shipyard, Inc. ("Everett Shipyard") was an Eitel family-owned shipyard and ship repair company in Everett, Washington that traced its roots to 1947. In 2008, Todd Shipyards purchased Everett Shipyard from the Eitels, and operated it as a wholly-owned subsidiary.

3.6     In accordance with the Pension Protection Act of 2006, the Marine Carpenters Pension Fund was certified in "seriously endangered status" for the Plan Year beginning April 1, 2009 by its actuary.

3.7     Following that certification, the Trustees of the Marine Carpenters Pension Fund, on July 16, 2009, adopted a Plan Amendment (Amendment 19 to the April 1, 2001 Restatement of the Plan) the terms of which supersede any inconsistent provisions of the Plan, and under which certain benefits were reduced or eliminated on a prospective basis. The Trustees adopted that Amendment to improve the funding status of the Plan.

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 4
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.8     In accordance with the Pension Protection Act of 2006, the Marine Carpenters Pension Fund was certified in "critical status" for the Plan Year beginning April 1, 2010 by its actuary.

3.9     On November 12, 2010, as a result of the "critical status" certification, the Marine Carpenters Pension Fund adopted a Rehabilitation Plan under which certain benefits were reduced or eliminated. The Trustees of the Marine Carpenters Pension Fund also determined that the Rehabilitation Plan would begin on April 1, 2012 and end on April 1, 2022.

3.10    In February 2011, Vigor Industrial, through a wholly-owned subsidiary, purchased all of Todd Shipyards' stock and renamed the company Vigor Shipyards, Inc. Upon information and belief, Vigor Shipyards continues to use the Todd Shipyards name as a trade name.

3.11    On May 17, 2012, Everett Shipyard, Inc. signed a labor agreement with the Pacific Northwest Regional Council of Carpenters, effective June 1, 2012 through April 30, 2016, that obligated it to make contributions to the Marine Carpenters Pension Fund for all employees performing covered work as defined by the labor agreement. The labor agreement has an evergreen clause that renews the term of the labor agreement annually unless it is terminated by the parties or replaced by a subsequent agreement.

3.12    On or about July 9, 2012, Cascade General signed a labor agreement with the Pacific Northwest Regional Counsel of Carpenters, effective August 20, 2012 through December 31, 2013, that obligated it to make contributions to the Marine Carpenters Pension Fund for all employees performing covered work as defined by the labor agreement.

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE
RELIEF, AND FOR DECLARATORY RELIEF – 5
2:19-cv-01085
342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1  The labor agreement has an evergreen clause that renews the term of the labor agreement
2  annually unless it is terminated by the parties or replaced by a subsequent agreement.

3  3.13   Upon information and belief, on or about September 1, 2013, Defendants
4  Vigor Industrial and Vigor Shipyards began improperly reporting carpenters and those
5  engaged in carpentry work to the Boilermakers-Blacksmiths National Pension Trust. Vigor
6  Industrial and Vigor Shipyards listed these carpenters as "boilermakers" on the remittance
7  forms sent to the Boilermakers-Blacksmiths National Pension Trust for the period
8  September 1, 2013 through June 30, 2014. Upon information and belief, Vigor Industrial
9  and Vigor Shipyards transferred employees to Vigor Marine in part in an effort to reduce its
10 reporting obligations to the Marine Carpenters Pension Fund.

11  3.14   Upon information and belief, on or about October 31, 2013, Vigor Marine,
12 LLC ("Vigor Marine") executed an asset purchase agreement with Everett Shipyard for the
13 purchase of Everett Shipyard's assets. Upon information and belief, under the asset
14 purchase agreement, Vigor Marine also assumed certain obligations and liabilities of Everett
15 Shipyard. Upon information and belief, Vigor Marine continues to use the Everett Shipyard
16 name as a trade name.

17  3.15   On April 30, 2014, Vigor Shipyards signed a labor agreement with the
18 Pacific Northwest Regional Council of Carpenters that obligated it to make contributions to
19 the Marine Carpenters Pension Fund for all employees performing covered work as defined
20 by the labor agreement. The labor agreement has an evergreen clause that renews the term
21 of the labor agreement annually unless it is terminated by the parties or replaced by a
22 subsequent agreement. Prior to the execution of the 2014 labor agreement, Todd Pacific
23 Shipyards was obligated to make contributions to the Marine Carpenters Pension Fund

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE
RELIEF, AND FOR DECLARATORY RELIEF – 6
2:19-cv-01085
342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

through a 2008 labor agreement with the Metal Trades Department of the AFL-CIO, Pacific Coast Metal Trades District Council, and the Puget Sound Metal Trades Council.

3.16   Upon information and belief, on or about July 1, 2014, Defendants Vigor Industrial, Vigor Shipyards, and Vigor Marine continued reporting carpenters and those engaged in carpentry work to the Boilermakers-Blacksmiths National Pension Trust. Vigor Industrial, Vigor Shipyards, and Vigor Marine listed these carpenters as "carpenters" on the remittance forms sent to the to the Boilermakers-Blacksmiths National Pension Trust for the period July 1, 2014 through June 30, 2016.

3.17   On December 11, 2014, Vigor Industrial filed an application for a Certificate of Withdrawal with the Washington Secretary of State. Vigor Industrial represented that "Everett Shipyard, Inc. surrenders its authority to conduct affairs in the State of Washington." The Washington Secretary of State listed Everett Shipyard, Inc. as inactive as of that date and terminated the company's corporate status on or about March 31, 2015.

3.18   In February 2015, the Marine Carpenters Pension Fund adopted an Updated Rehabilitation Plan that extended the Rehabilitation Plan through April 1, 2042, when it was expected to emerge from critical status.

3.19   However, the health of the Marine Carpenters Pension Fund continued to worsen. In accordance with the Pension Protection Act of 2006, the Marine Carpenters Pension Fund was certified in "critical and declining status" for the Plan Year beginning April 1, 2016 by its actuary. The Pension Fund's assets are projected to be insufficient to pay benefits as soon as the early 2030s.

3.20   On April 6, 2016, Michael Trautman, on behalf of "Everett Shipyard, Inc." executed a letter of understanding with the Pacific Northwest Regional Council of

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 7
2:19-cv-01085
342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1  Carpenters concerning its obligations under the updated Rehabilitation Plan in place with
2  Marine Carpenters Pension Fund.

3  3.21   In 2017, the Pension Fund undertook a routine audit of Vigor to determine
4  whether it had complied with its obligations to properly report and pay fringe benefit
5  contributions to the Pension Fund for the period September 1, 2013 through June 30, 2016.
6  The Pension Fund's auditors, Lindquist LLP, reviewed payroll and related business records
7  of four Vigor companies: the three defendants and non-party Washington Marine Repair,
8  LLC.[1]

9  3.22   The Pension Fund's auditors determined that Vigor had underreported and/or
10 underpaid fringe benefit contributions for work performed subject to the scope of Vigor's
11 master labor agreements with the Carpenters Union.

12 3.23   As set forth in the audit report (the "First Audit") dated January 31, 2018,
13 Vigor reported employees performing carpentry work subject to the Carpenters Master
14 Labor Agreements not to the Pension Fund, but rather to the Boilermakers-Blacksmiths
15 National Pension Trust.  Despite these employees performing covered work, Vigor reported
16 them to the Boilermakers-Blacksmiths National Pension Trust listing their trade as
17 boilermakers.  For the period September 1, 2013 through June 30, 2014, Vigor owes the
18 Pension Fund $231,453.28 in unreported fringe benefit contributions for these employees,
19 $46,290.69 in liquidated damages, plus accrued interest due to non-payment.

20 3.24   As also set forth in the First Audit, Vigor reported employees performing
21 carpentry work subject to the Carpenters Master Labor Agreement not to the Pension Fund,

---

[1] Washington Marine Repair, LLC, a subsidiary of Vigor Industrial, is not a party to this action because the auditors found no discrepancies in the audit review.

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE
RELIEF, AND FOR DECLARATORY RELIEF – 8
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1    but to the Boilermaker National Funds. These reported employees were reported to the

2    Boilermaker National Funds as carpenters. For the period September 1, 2013 through June

3    30, 2016, Vigor owes the Pension Fun $1,243,633.54 in unreported fringe benefit

4    contributions for these employees, $248,726.73 in liquidated damages, plus accrued interest

5    due to non-payment.

6        3.25   On July 11, 2018, Sue Haley, on behalf of "Cascade General, Inc.," Vigor

7    Shipyards, Inc., and "Everett Shipyard" executed a labor agreement with the Pacific

8    Northwest Regional Council of Carpenters, effective June 26, 2018 through February 28,

9    2022, that obligated the Vigor companies to make contributions to the Marine Carpenters

10   Pension Fund for all employees performing covered work as defined by the labor agreement.

11   The labor agreement has an evergreen clause that renews the term of the labor agreement

12   annually unless it is terminated by the parties or replaced by a subsequent agreement.

13       3.26   In order to determine whether Vigor was continuing to divert employees

14   performing carpentry away from the Marine Carpenters Pension Fund, in August 2018, the

15   Pension Fund undertook a second audit (the "Second Audit") of Vigor to determine whether

16   the issues and conduct present in in the First Audit continued beyond June 30, 2016.

17       3.27   On September 25, 2018, the auditor requested inspection of Vigor's payroll

18   and related business records for the period July 1, 2016 through the present. Vigor partially

19   responded to the auditor's request for documentation.

20       3.28   On January 10, 2019, the auditor again made written request that Vigor

21   produce adequate payroll and related business records to allow the auditor to move forward

22   and complete the Second Audit report.

23

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE
RELIEF, AND FOR DECLARATORY RELIEF – 9
2:19-cv-01085
342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.29 As of the date of this Complaint, Vigor has failed and/or refused to comply with the remainder of the auditor's request for an inspection of its payroll and business records.

3.30 Vigor's transfer of employees performing carpentry work to Vigor Marine has deprived the Marine Carpenters Pension Fund of millions of dollars in fringe benefit contributions that should have been reported under the Vigor entities' labor agreements with the Pacific Northwest Regional Council of Carpenters. Because Vigor's conduct is continuing, the true amount of monetary damages to the Marine Carpenters Pension Fund is unknown.

## IV. CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreements/Trust Agreement)

4.1 Plaintiff realleges each and every allegation contained in ¶¶3.1 – 3.30 above.

4.2 Vigor's failure to properly report and pay fringe benefit contributions as set forth in the First Audit constitutes a breach of the terms of the labor agreements between the Carpenters Union and Vigor, to which the Marine Carpenters Pension Fund is a beneficiary.

4.3 Vigor's failure to properly report and pay fringe benefit contributions also constitutes a breach of the terms of the trust agreement to which Vigor is a party.

4.4 As a result of Vigor's failure to property report and pay contributions, the Pension Fund has been damaged in an amount to be determined at trial, but not less than $1,770,104.24, consisting of $1,475,086.82 in underreported/unpaid fringe benefit contributions and $ 295,017.42 in liquidated damages.

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 10
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

## Second Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.5  Plaintiff realleges each and every allegation set forth in ¶¶3.1 – 3.30 above.

4.6  Vigor's refusal to fully cooperate with the Pension Fund's Second Audit constitutes a breach of the terms of the labor agreement between the Carpenters Union and Vigor, to which the Marine Carpenters Pension Fund is a beneficiary.

4.7  Vigor's refusal to fully cooperate with the Pension Fund's Second Audit also constitutes a breach of the terms of the trust agreement to which Vigor is a party.

4.8  As a result of Vigor's refusal to cooperate, the Pension Fund has been damaged in an amount to be determined at trial.

## Third Cause of Action
### (Equitable Relief)

4.9  Plaintiff realleges each and every allegation set forth in ¶¶3.1 – 3.30 above.

4.10  Vigor's refusal to fully cooperate with the Pension Fund's Second Audit prevents the Trustees of the Pension Fund from fulfilling their fiduciary duties to the Participants.

4.11  As a result of Vigor's refusal to cooperate the Pension Fund has been damaged in an unknown amount to be determined at trial.

4.12  Vigor's refusal to cooperate is grounds for entry of an order compelling Vigor to cooperate with the Second Audit or other such equitable relief as the Court deems appropriate under 29 U.S.C. §1132.

## Fourth Cause of Action
### (Violation of ERISA)

4.13  Plaintiff realleges each and every allegation set forth in ¶¶3.1 – 3.30 above.

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 11
2:19-cv-01085
342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.14  Vigor's failure to properly report and pay contributions to the Pension Fund constitutes a violation of ERISA, specifically 29 U.S.C. §1145.

4.15  As a result of Vigor's violation of ERISA, the Pension Fund has been damaged in an amount to be determined at trial, but not less than $1,475,086.82.

### Fifth Cause of Action
### (Declaratory Relief against Vigor Marine)

4.16  Plaintiff realleges each and every allegation set forth in ¶¶3.1 – 3.30 above.

4.17  Everett Shipyard has been signatory to at least two labor agreements with the Pacific Northwest Regional Council of Carpenters since at least 2012.

4.18  Everett Shipyard dissolved as a legal entity in 2014.

4.19  Despite being dissolved as a legal entity, "Everett Shipyard" signed a 2016 letter of understanding setting forth its obligations under the Marine Carpenters Pension Fund's Rehabilitation Plan.

4.20  Despite being dissolved as a legal entity, "Everett Shipyard" signed a 2018 labor agreement with the Pacific Northwest Regional Council of Carpenters that obligates it to make contributions to the Marine Carpenters Pension Fund.

4.21  Vigor Marine's use of "Everett Shipyard" as a trade name to, among other things, execute a labor agreement with the Pacific Northwest Regional Council of Carpenters makes Vigor Marine the real party in interest to the labor agreement as a matter of law.

4.22  The Pension Fund seeks entry of declaratory relief that Vigor Marine is the real party of interest to the 2018 labor agreement with the Pacific Northwest Regional Council of Carpenters and that as a result, Vigor Marine owes contributions to the Pension

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 12
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Fund from at least June 26, 2018 to the present. The Pension Fund also seeks entry of declaratory of relief that Vigor Marine is the real party of interest in the 2012 labor agreement between Everett Shipyard, Inc. and the Pacific Northwest Regional Council of Carpenters and that as a result, Vigor Marine owes contributions to the Pension Fund from October 31, 2013 through June 25, 2018.

### Sixth Cause of Action
### (Alternative Declaratory Relief against All Defendants)

4.23   Plaintiff realleges each and every allegation set forth in ¶¶3.1 – 3.30 above.

4.24   Vigor's actions as documented by the First Audit, in particular moving the employment of carpenters and other employees performing covered work from a signatory Vigor entity to a purported non-signatory Vigor entity violates both the trust agreement, as amended, and the Pension Fund's rehabilitation plan.

4.25   Plaintiff alleges that Vigor's actions are continuing and would be documented by the Second Audit.

4.26   As a result of Vigor's actions, the Pension Fund has been subjected to significant financial harm that would prevent the rehabilitation plan from succeeding.

4.27   The Pension Fund seeks entry of declaratory relief that finds Vigor violated both the the trust agreement and the rehabilitation plan and that the Pension Fund is no longer under any obligation to accept contributions from Vigor.

### V.   REQUESTED RELIEF

Plaintiff Marine Carpenters Pension Fund respectfully requests the Court enter the following relief:

A.   Judgment in favor of the Marine Carpenters Pension Fund against Vigor, in an amount to be determined at trial, but collectively not less than

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 13
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

   $1,475,196.82, representing past-due and delinquent fringe benefit contributions as set forth in the First Audit report, and owed by Defendants pursuant to the terms of the labor and trust agreements to which Vigor is party;

B. Judgment in favor of the Marine Carpenters Pension Fund against Vigor, in an amount to be determined at trial, but collectively not less than $295,017.42, representing liquidated damages as set forth in the First Audit report, and owed by Defendants pursuant to the terms of the labor and trust agreements to which Vigor is party;

C. Entry of an order compelling Vigor to cooperate with the Pension Fund's Second Audit, or such other equitable relief that the Court deems appropriate;

D. Judgment in favor of the Marine Carpenters Pension Fund against Vigor, in an amount to be determined at trial, representing past-due and delinquent fringe benefit contributions as set forth in the Second Audit report, and owed by Defendants pursuant to the terms of the labor and trust agreements to which Vigor is party;

E. Judgment in favor of the Marine Carpenters Pension Fund against Vigor, in an amount to be determined at trial, representing liquidated damages as set forth in the Second Audit report, and owed by Defendants pursuant to the terms of the labor and trust agreements to which Vigor is party;

F. An award of prejudgment interest from the date of the audit reports to the date of judgment;

G. An award of post-judgment interest;

H. Entry of declaratory relief against Vigor Marine, specifically that Vigor Marine is the real party in interest to the 2018 labor agreement with the Pacific Northwest Regional Council of Carpenters and that it is obligated to pay contributions for all covered work from June 26, 2018 to the present.

I. Entry of declaratory relief against Vigor Marine, specifically that Vigor Marine is the real party in interest to the 2012 labor agreement between Everett Shipyard, Inc. and the Pacific Northwest Regional Council of Carpenters and that it is obligated to pay contributions for all covered for from October 31, 2013 through June 25, 2018;

J. Alternatively, entry of additional declaratory relief against Vigor, specifically that Vigor has violated both the trust agreement and the rehabilitation plan and that the Pension Fund is no longer under any obligation to accept contributions from any Vigor entity;

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 14
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

K.    An award of attorney fees and costs of collection, as authorized by the labor and trust agreements to which Defendants are party, and as authorized under ERISA; and

L.    Any other such relief under federal law or as is just and equitable.

Dated: July 15, 2019.

        s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
McKENZIE ROTHWELL BARLOW
  & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for the Marine Carpenters Pension Fund

COMPLAINT FOR MONETARY DAMAGES, FOR EQUITABLE RELIEF, AND FOR DECLARATORY RELIEF – 15
2:19-cv-01085

342 004 tk061901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900